CASSEL, Judge
(concurring):
While I generally agree with the opinion of my brothers, the basis for my decision is that the facts elicited in the providency inquiry do not show that the appellant had as a result of his military assignment, a duty to properly complete the Navy Relief form. I believe the circumstances could have given it the nexus required, as it is possible that such a nexus can be shown here or in other cases involving the same form. It must be clear that it is not the type of form that may be involved that determines nexus, but the purpose for which the statement or information involved is used. Thus, for example, if on a deployed ship the executive officer, as custodian of the ship’s welfare and recreation funds, falsely submitted the same form to the Navy Relief Society to justify a payment to replenish those funds[1] this would be a statement made in connection with his military duties. The statement involved could be a false official statement under Article 107, UCMJ.

. It is the practice, sanctioned by regulations, that if a service member on a deployed unit needs monetary assistance from the Navy Relief Society for emergency leave that the command can provide the money from the Ship’s Welfare and Recreation Fund and that fund is reimbursed by the Society upon request to it.